1  DANIEL G. BOGDEN
   United States Attorney
2  Nevada Bar No. 2137
   DANIEL D. HOLLINGSWORTH
3  Assistant United States Attorney
   Nevada State Bar No. 1925
4  Lloyd D. George United States Courthouse
   333 Las Vegas Boulevard South, Suite 5000
5  Las Vegas, Nevada 89101
   Telephone: (702) 388-6336
6  Facsimile: (702) 388-6787
   E-mail: Daniel.Hollingsworth@usdoj.gov
7  Counsel for the United States of America

8

9

10                          UNITED STATES DISTRICT COURT

11                               DISTRICT OF NEVADA

12  UNITED STATES OF AMERICA,            )
                                         )
13              Plaintiff,               )
                                         )
14      v.                               )      2:10-CR-280-KJD-(GWF)
                                         )
15  LINDA MARIE KOT,                     )
                                         )
16              Defendant.               )

17  **THE UNITED STATES OF AMERICA'S MOTION TO REPLACE THE SEALED EX PARTE
    MOTION TO SUBSTITUTE AND TO FORFEIT PROPERTY OF LINDA MARIE KOT AND
18  SUBSTITUTION AND FORFEITURE ORDER WITH A REDACTED MOTION AND ORDER**

19          The United States of America ("United States"), by and through Daniel G. Bogden, United States

20  Attorney for the District of Nevada, and Daniel D. Hollingsworth, Assistant United States Attorney,

21  respectfully requests this Court to replace the United States of America's Sealed Ex Parte Motion to

22  Substitute and to Forfeit Property of Linda Marie Kot and the Substitution and Forfeiture Order, which

23  were filed under seal on or about June 19, 2013, with a redacted Motion and Substitution and Forfeiture

24  Order.  See attached Exhibits 1 and 2.  The United States filed the Motion under seal because they feared

25  that if the Motion was served on the other party before the substitute assets were taken into custody, the

26

assets in the accounts would disappear and because of the personal identifying information.  The Federal Bureau of Investigation seized the substitute assets in the accounts on July 11, 2013.

Fed. R. Crim. P. 49.1 protects social security numbers, taxpayer-identification numbers, birth dates, and financial-account numbers. Fed. R. Crim. P. 49.1(a).  The Sealed Ex Parte Motion to Substitute and to Forfeit Property of Linda Marie Kot and the Substitution and Forfeiture Order used the above-named numbers to identify the accounts which were seized.  Although "[t]he redaction requirement does not apply to . . . a financial-account number or real property address that identifies the property allegedly subject to forfeiture in a forfeiture proceeding…" (Fed. R. Crim. P. 49.1(b)(1)), in an abundance of caution, the United States requests the Motion and the Order to protect Ms. Kot's personal identifying information.

Fed. R. Crim. P. 49.1(d) authorizes this Court to file a redacted Sealed Ex Parte Motion to Substitute and to Forfeit Property of Linda Marie Kot and the Substitution and Forfeiture Order for the public record. Fed. R. Crim. P. 49.1(d).  The court retains the unredacted Motion and Order under seal as part of the record. Fed. R. Crim. P. 49.1(f).  By filing the attached redacted Motion and Order, the public will have some knowledge concerning this case, but the sensitive numbers will be protected.  The United States will serve the potential claimants the redacted Motion and Order and file the redacted Motion and Order with the service of process return.

For these reasons, this Court should replace the Sealed Ex Parte Motion to Substitute and to Forfeit Property of Linda Marie Kot and the Substitution and Forfeiture Order with the attached Redacted

. . .

. . .

. . .

. . .

. . .

. . .

. . .

Motion and Order, authorize the service of the redacted Motion and Order on the potential claimants, and authorize the use of the redacted Motion and Order for the service of process return.

DATED this 6th day of August, 2013.

DANIEL G. BOGDEN
United States Attorney

/s/ Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

DATED: August 30, 2013

**PROOF OF SERVICE**

I, Michelle C. Lewis, certify that the following individuals were served with copies of **THE UNITED STATES OF AMERICA'S MOTION TO REPLACE THE SEALED EX PARTE MOTION TO SUBSTITUTE AND TO FORFEIT PROPERTY OF LINDA MARIE KOT AND SUBSTITUTION AND FORFEITURE ORDER WITH A REDACTED MOTION AND ORDER** on the 6th day of August, 2013, by the below identified method of service:

CM/ECF:

Richard A. Schonfeld
Chesnoff & Schonfeld
520 S. 4th St.
Las Vegas, NV 89101
Email: rschonfeld@cslawoffice.net
*Counsel for Linda Marie Kot*

Richard F. Boulware
Federal Public Defender
411 E. Bonneville, Suite 250
Las Vegas, NV 89101
Email: richard_boulware@fd.org
*Counsel for Hugo Patricio Coutelin*

Janet C. Kelleran
Dempsey, Roberts & Smith, Ltd.
1130 Wigwam Parkway
Henderson, NV 89074
Email: janetkelleran@drsltd.com
*Counsel for Michael Perry*

Marc D. Risman
Law Offices of Marc Risman
10120 S. Eastern Ave., Ste. 200
Henderson, NV 89052
Email: marcrisman@calneva-law.com
*Counsel for Jeff Thomas*

/s/ Michelle C. Lewis
MICHELLE C. LEWIS
Paralegal Specialist

# EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# EXHIBIT 1

1  DANIEL G. BOGDEN
   United States Attorney
2  District of Nevada
   Nevada Bar No. 2137
3  DANIEL D. HOLLINGSWORTH
   Assistant United States Attorney
4  Nevada Bar No. 1925
   United States Attorney's Office
5  333 Las Vegas Boulevard South, Suite 5000
   Las Vegas, Nevada 89101
6  Telephone: 702-388-6336
   Facsimile: 702-388-6787
7  Email: daniel.hollingsworth@usdoj.gov
   Attorneys for the United States
8

9

10                    **UNITED STATES DISTRICT COURT**

11                        **DISTRICT OF NEVADA**

12  UNITED STATES OF AMERICA,               )
                                            )
13              Plaintiff,                   )
                                            )
14        v.                                 )    2:10-CR-280-KJD-(GWF)
                                            )
15  LINDA MARIE KOT,                        )
                                            )
16              Defendant.                   )

17  **UNITED STATES OF AMERICA'S SEALED EX PARTE MOTION TO SUBSTITUTE AND TO**
                    **FORFEIT PROPERTY OF LINDA MARIE KOT**
18

19        The United States of America ("United States"), by and through Daniel G. Bogden, United States

20  Attorney for the District of Nevada, and Daniel D. Hollingsworth, Assistant United States Attorney,

21  respectfully moves this Court to substitute and to forfeit the following assets, pursuant to Fed. R. Crim. P.

22  32.2(e) and 21 U.S.C. § 853(p), based on the criminal forfeiture money judgment of defendant Linda

23  Marie Kot ("Kot") entered on December 19, 2012 (ECF No. 203):

24        1.  Any and all assets contained in any and all individual retirement accounts (IRAs) held by

25  Merrill Lynch in the name of Linda Marie Kot, social security account number ▮▮▮▮9960, date of birth

26  ▮▮▮▮▮▮ 1953, with a combined balance of approximately $26,000;

2. The funds contained in any and all bank accounts held by Bank of America in the name of Linda Marie Kot, social security account number ████9960, date of birth ████ 1953, with a combined balance of approximately $4,200; and

3. The funds contained in any and all bank accounts held by Wells Fargo Bank in the name of Linda Marie Kot, social security account number ████9960, date of birth ████ 1953, with a combined balance of approximately $650 ("properties").

The United States requests this Court to authorize the Federal Bureau of Investigation (1) to seize the properties from Merrill Lynch, Bank of America, and Wells Fargo Bank; (2)(a) to immediately print the appropriate information that shows all the assets that are in Kot's financial accounts; (b) to liquidate the properties that are not cash into cash; (c) to require the financial institutions to issue cashier's checks for the assets, made payable to the United States Marshals Service; (d) to immediately turn over the cashier's checks to the Federal Bureau of Investigation; and (3) to grant the order to substitute and forfeit the properties to the United States.

The grounds for this motion are (1) Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p) provide for the substitution of assets; (2) the above-mentioned substitute property is owed by Kot; (3) as a result of Kot's actions, the traceable proceeds of Kot's crime (a) cannot be located upon the exercise of due diligence, (b) have been transferred or sold to, or deposited with, a third party, and (c) have been substantially diminished in value.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

2

1    This motion is made and is based on the pleadings and papers on file herein, the attached

2  Memorandum of Points and Authorities, and the attached exhibit.

3        DATED this 18th day of June, 2013.

4                                                    Respectfully submitted,

5                                                    DANIEL G. BOGDEN,
                                                     United States Attorney
6

7

8                                                    DANIEL D. HOLLINGSWORTH
                                                     Assistant United States Attorney
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF CASE

#### A. Procedural History

On April 11, 2012, a Four Count Superseding Criminal Indictment was returned which charged Linda Marie Kot ("Kot") in Count One with Conspiracy to Commit Mail Fraud, Wire Fraud, and Bank Fraud in violation of 18 U.S.C. §§ 1341, 1343, 1344(2), and 1349; in Counts Two through Four with Bank Fraud in violation of 18 U.S.C. § 1344(2); and alleged forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C.§ 2461(c); 18 U.S.C. § 982(a)(2)(A); and 21 U.S.C. § 853(p). Superseding Criminal Indictment, ECF No. 120.

On May 25, 2012, Kot was found Guilty by a jury as to Counts One through Four of the Superseding Criminal Indictment (ECF No. 120). Jury Trial Minutes, ECF No. 156; Jury Verdict, ECF No. 157.

On December 19, 2012, an Order of Forfeiture (ECF No. 203) was entered against Kot for $3,891,811.

On December 21, 2012, this Court entered the Judgment in a Criminal Case (ECF No. 204) for Kot.

#### B. Statement of the Facts

Kot was a Nevada licensed real estate agent, and participated in a scheme with Hugo Patrick Coutelin, Michael Perry, and Jeff Thomas, who were part of CPT Real Estate Investments (CPT). Exhibit ("Ex.") 1, Affidavit of Federal Bureau of Investigation Special Agent Earl James McEwen, III, attached hereto and incorporated herein by reference as if fully set forth herein.  Coutelin was the Secretary of CPT and a recruiter of straw buyers, Perry was the Director of CPT and acted as a straw buyer, and Thomas was the President and Registered Agent of CPT and acted as a straw buyer.  Funds from CPT would be used as part of the process of buying the houses.  The co-conspirators and others would act as straw buyers on properties Kot selected for purchase.  Kot would make earnest money deposits from her personal funds to reserve some of these houses.  Kot and others caused false information to be included

4

1   on straw buyers' loan applications and also knew that material facts were concealed from the lender.  Kot

2   received commissions on the purchase of the properties.  Charged in the Superseding Criminal

3   Indictment were transactions on nine different homes during the period of May 25, 2005 through

4   December 11, 2006.  However, transactions on numerous other properties were presented in trial to

5   establish Kot's guilt. Ex. 1.

6        During the course of the criminal investigation, a financial analysis was conducted of Kot.  A

7   review of the financial analysis shows that law enforcement exercised due diligence to locate the illegal

8   proceeds, and were unable to locate any of the illegal proceeds, as Kot transferred or deposited many of

9   the illegal proceeds with a third party. Ex. 1.

10        Law enforcement, public, and other data bases were reviewed to determine what assets Kot owns

11   that the United States could substitute to satisfy Kot's criminal forfeiture money judgment of $3,891,811.

12   These checks included queries of Accurint (a database of public records which included records of

13   bankruptcies, liens and judgments, UCC filings, driver's license information, motor vehicle registrations,

14   real properties and addresses), the Nevada Department of Motor Vehicles ("DMV"), the Clark County

15   Assessor and Recorder's Offices, and the U.S. Bankruptcy Court.  Based upon these checks, Kot appears

16   to have an interest in the following assets (Ex. 1):

17        2004 Jaguar 4 door, S-type, VIN SAJEA01U24HN09214, (NV) 046 SZX, registered to Daniel J.

18   Kot or Linda Marie Kot, purchased by them on 2/27/2008 for $23,995;

19        Three bank accounts at Bank of America, current combined balances of less than approximately
    $4,200;

20        Seven bank accounts at Wells Fargo Bank, current combined balances of less than approximately

21   $650;

22        Two Individual Retirement Accounts ("IRAs"), both with Merrill Lynch, with a combined value
    of approximately $26,000; and

23        Real property located at 9025 Rockville Avenue, Las Vegas, NV.  Kot and her then husband,

24   Daniel Kot, purchased this home in March, 2002, for $386,090.

25        The following assets purchased by Kot and/or her husband, Daniel J. Kot, have been sold or

26   transferred to a third party (Ex. 1):

5

Real property located at 7801 Falconwing Avenue, Las Vegas, Nevada, Kot purchased the property for a purchase price of $310,000 on May 10, 2004;

Real property located at 6158 Highland Gardens Drive, North Las Vegas, Nevada, Kot purchased the property for a purchase price of $254,000 on June 1, 2004;

Real property located at 7817 Falconwing Avenue, Las Vegas, Nevada, Daniel J. Kot and Linda-Marie Kot purchased the property for a purchase price of $340,000 on July 1, 2004;

Real property located at 7608 Certitude Avenue, Las Vegas, Nevada, Daniel J. Kot and Linda-Marie Kot purchased the property for a purchase price of $315,000 on July 13, 2004;

Real property located at 6167 Villa De Picasso Drive, Las Vegas, Nevada, Kot purchased the property for a purchase price of $576,990;

Real property located at 9309 Grand Gate Street, Las Vegas, Nevada, Kot purchased the property from co-conspirator Michael Capodice for a purchase price of $865,000;

Real property located at 9424 Wakeshan Avenue, Las Vegas, Nevada, Kot purchased the property for a purchase price of $517,990;

Real property located at 68 E. Serene Avenue, #406, Las Vegas Nevada, Daniel Kot and Joe Sharpe purchased the property for a purchase price of $304,200; and

Real property located at 2700 Las Vegas Boulevard South, #902, Las Vegas, Nevada, Daniel J. Kot purchased the property for a purchase price of $955,500.

## II. ARGUMENT

Based on the United States' motion to substitute and forfeit, "the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that … is substitute property that qualifies for forfeiture under an applicable statute." Fed. R. Crim. P. 32.2(e)(1)(B). "Rule 32.2(e) allows the government … to seek substitute property. *See* 21 U.S.C. § 853(p) …." *United States v. Newman*, 659 F.3d 1235, 1242 (9th Cir. 2011) (quotation marks omitted).[1]

"If the government shows that the property is subject to forfeiture under Rule 32.2(e)(1), the court must … enter an order forfeiting that property, or amend an existing preliminary or final order to include

---

[1] "The provisions of § 853 are substantially identical to RICO's criminal forfeiture provisions found at 18 U.S.C. § 1963. The legislative history states that the provisions of § 853 closely parallel those of § 1963 … *See* S.Rep. No. 98-225, Pub.L. 98-473, 98th Cong., 2d Sess. 198, 213, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3381, 3396 (1983 Senate Report). We therefore refer to cases and legislative history discussing § 1963 and § 853 interchangeably." *Ripinsky*, 20 F.3d at 362, n.3 (9th Cir.1994) (quotation marks omitted); *see also Hooper*, 229 F.3d at 821 n.7 (9th Cir. 2000) (same).

it ...." Fed. R. Crim. P. 32.2(e)(2)(A). "[T]he law provides that if, upon conviction, forfeitable assets are unreachable by the government, the court shall order the forfeiture of substitute assets: property of the defendant that is not connected to the underlying crime." *United States v. Ripinsky*, 20 F.3d 359, 362 (9th Cir. 1994). "Subdivision (e) makes clear, as courts have found, that the court retains jurisdiction to amend the order of forfeiture at any time to include ... any substitute property." Fed. R. Crim. P. 32.2 advisory committee note (citations omitted).

When the defendant's illegal proceeds or criminal instrumentalities are unavailable, the United States can substitute any of defendant's assets for the criminal forfeiture money judgment. "[A]ny other property of the defendant ... " can be substituted and forfeited to the United States. *United States v. Hooper*, 229 F.3d 818, 823 (9th Cir. 2000) (citation and quotation marks omitted; brackets added); *United States v. Bollin*, 264 F.3d 391, 423 (4th Cir. 2001) (explaining that the court substitutes "any other property up to the value of the initially forfeited property, in the event the original property is unavailable[,]" including an IRA.) (citations, emphasis, and quotation marks omitted) *cert. denied, Tietjen v. United States*, 534 U.S. 935 (2001) and *Gormley v. United States*, 535 U.S. 989 (2002). The defendant's substituted property need not be traceable to the criminal proceeds of the crime. *Ripinsky*, 20 F.3d at 362 (explaining that the defendant's property, that is being substituted, "is not connected to the underlying crime."); *United States v. Lester*, 85 F.3d 1409, 1410 n.3 (9th Cir. 1996) (same).

21 U.S.C. § 853(p) "carries its own set of procedural and substantive requirements before the court may order the forfeiture of substitute property." *Newman*, 659 F.3d at 1242; *United States v. Candelaria-Silva*, 166 F.3d 19, 42 (1st Cir. 1999) ("To obtain an order forfeiting property as a substitute asset, the government need only comply with the requirements of § 853(p).") (citations and quotation marks omitted), *cert. denied,* 529 U.S. 1055 (2000). "In any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1), as applicable." 21 U.S.C. § 853(p)(2) (emphasis added).

. . .

7

Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of defendant – (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty.

21 U.S.C. § 853(p)(1) (emphasis added).  "[A] court ... order[s] forfeiture of any other property of the

defendant when the defendant's property subject to forfeiture as proceeds or instrumentalities has been

transferred, placed out of reach of the court or has declined in value". *Hooper*, 229 F.3d at 823. (citation

and quotation marks omitted).

To meet this burden of substituting and forfeiting assets, the United States must show that just one

of the requirements of section 853(p) is satisfied. *Lester*, 85 F.3d at 1410 (explaining "if any of a

defendant's forfeitable assets are unavailable due to **an enumerated act or omission of the defendant**,

the court ... order[s] the forfeiture of any other property of the defendant.") (citation and quotation marks

omitted; brackets and emphasis added); *United States v. Gordon*, 710 F.3d 1124, 1137 n.14 (10th Cir.

2013) (explaining "in order for the government to forfeit substitute property, **it must establish** that

through any act or omission of the defendant **one of five things has occurred ....**"); *United States v. Van

Nguyen*, 602 F.3d 886, 903 (8th Cir. 2010) (explaining that 21 U.S.C. § 853(p)(1) requires "proof of one

of five categories of unavailability" of defendant's illegal proceeds or instrumentality).

In particular, substitute assets may be forfeited if the government shows that, as a result of any act or omission of the defendant, the forfeitable property (1) cannot be located upon the exercise of due diligence; or (2) has been transferred or sold to, or deposited with, a third party

Here, the government complied with § 853(p) by submitting a motion and affidavit that recited the efforts the government had made to locate the proceeds of the drug conspiracy that would have been directly forfeitable under § 853(a).  The affidavit concluded that Reyes–Padilla had dissipated or otherwise disposed of the proceeds of her drug trafficking so that **the proceeds could not, despite the exercise of due diligence, be located**.  Based on this record, it was not error for the district court to order the forfeiture of other property of the defendant up to the amount described in the money judgment.

*Candelaria-Silva*, 166 F.3d at 42-43 (citations, quotation marks, and brackets omitted; emphasis added);

If the United States makes this showing, substitution is mandatory. *See*, 21 U.S.C. § 853(p) ("the

court *shall* order the forfeiture of any other property of the defendant ... ") (emphasis added); *Ripinsky*, 20

F.3d at 362 (stating "the court *shall* order the forfeiture of substitute assets: ....") (citation omitted;

8

1   brackets added); *Newman*, 659 F.3d at 1249 (holding that "shall order" is mandatory for the district

2   court.); *United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006) (holding "the underlying statutory

3   scheme … mandated the district court to order forfeiture of substitute assets ….").

4          The policy rationale for the substitute asset provisions is clear. "Congress requires the forfeiture

5   of any other property as substitute assets[,] … [and] the substitute assets provision in § 853(p) was

6   enacted to make the government's forfeiture efforts more effective." *Bollin*, 264 F.3d at 423 (citations,

7   emphasis, and quotation marks omitted; brackets added).   The purposes of 21 U.S.C. § 853(p) are to

8   counteract criminals' tendencies to hide their illegally obtained proceeds, to punish the criminals, and to

9   remit the illegal proceeds to victims of crimes.   21 U.S.C. § 853(p) serves punitive, remedial, and

10   corrective purposes.

11          When Congress enacted 21 U.S.C. § 853 as part of the Criminal Forfeiture Act of 1984, it
         included the substitute asset provision to address[] one of the most serious impediments to
12       significant criminal forfeitures, i.e., that a defendant may succeed in avoiding the forfeiture
         sanction simply by transferring his assets to another, placing them beyond the jurisdiction of the
13       court, or taking other actions to render his forfeitable property unavailable at the time of
         conviction. S.Rep. No. 98-225, at 201, 212, reprinted in 1984 U.S.C.C.A.N. at 3384, 3395
14       (discussing the shared purpose of the substitute property provisions of 21 U.S.C. § 853 and 18
         U.S.C. § 1963 (the analogous RICO statute)).   Describing this problem in substantial detail,
15       Congress noted:

16              Unlike civil forfeitures, in which the government's seizure of the asset occurs at or soon
             after the commencement of the forfeiture action, in criminal forfeitures, the assets
17           generally remain in the custody of the defendant until the time of his conviction for the
             offense upon which the forfeiture is based.   Only after conviction does the government
18           seize the asset.  Thus, a person who anticipates that some of his property may be subject to
             criminal forfeiture has not only an obvious incentive, but also ample opportunity, to
19           transfer his assets or remove them from the jurisdiction of the court prior to trial and so
             shield them from any possibility of forfeiture….   The important economic impact of
20           imposing the sanction of forfeiture against the defendant is thus lost.

21       *Id.* at 195, reprinted in 1984 U.S.C.C.A.N. at 3378.   It is thus apparent that the remedial purpose
         of § 853 generally and § 853(p) in particular was to thwart efforts by a defendant to circumvent
22       the economic impact of an anticipated criminal forfeiture sentence.

23   *United States v. McHan*, 345 F.3d 262, 271-72 (4th Cir. 2003) (quotation marks omitted; brackets in

24   original).

25          The Affidavit of Special Agent Earl James McEwen, III, establishes: (1) the above-mentioned

26   substitute properties are owed by Kot; (2) the illegal proceeds of Kot's crime (a) cannot be located upon

1   the exercise of due diligence, (b) have been transferred or sold to, or deposited with, a third party, and (c)

2   have been substantially diminished in value. *See* 21 U.S.C. § 853(p). Ex. 1.

3        This Court found that the illegal proceeds of the crime for the criminal forfeiture money judgment

4   was $3,338,981. Law enforcement exercised due diligence to locate the illegal proceeds and were unable

5   to locate any of the illegal proceeds, as Kot transferred or deposited many of the illegal proceeds with a

6   third party. The cash transfers or deposits to a third party occurred as part of Kot's mortgage fraud

7   scheme. Many of the illegal proceeds of Kot's crime have been substantially diminished in value. The

8   United States has met its burden by showing that at least three of the five conditions under section 853(p)

9   are satisfied in this case.

10        During the course of the criminal investigation, a financial analysis was conducted of Kot. A

11   review of the bank records obtained during the investigative portion of the investigation revealed that the

12   following funds obtained during the period of Kot's criminal activity have been transferred to or

13   deposited with a third party: Between April, 2005, and December, 2006, there were approximately 32

14   withdrawals to include checks and transfers out of Kot's personal and business accounts to individuals

15   indicted with Kot in the first indictment, or to their businesses or relatives, in the amount of

16   approximately $717,000; Between 11/1/2006 and 8/12/2009, at least five checks totaling approximately

17   $48,176.83 were written to third parties which appear to be law firms; On 12/29/2006, at least two

18   checks were written totaling $20,000 to Kot's two children, Michael D. Kot and Noel Marie Kot, with the

19   notation of "Gift"; Between 7/15/2005 and 3/7/2006, at least three checks were written to various car

20   dealerships and a bank with a notation the funds were being used to purchase or lease vehicles, totaling

21   approximately $51,600; Checks were written to the United States Treasury on 3/31/2006 and 3/29/2007,

22   totaling $256,978; At least one check was written to UBS Financial Services on 10/23/2006 in the

23   amount of $150,000. Follow-up investigation on the $150,000 check written to UBS Financial Services

24   revealed that all of Kot's UBS accounts were closed on 3/1/2011. Just prior to their closure,

25   approximately $7,000 was transferred to a Merrill Lynch account, and approximately $33,000 was

26   transferred to a Wells Fargo Bank account.

1    Follow-up investigation on the checks written to the car dealerships and a bank revealed that one

2    check payable to Pat Clark Pontiac dated 1/17/2006 in the amount of $12,600 had the notation of "Bal.

3    2005 Cadillac". Current Nevada Department of Motor Vehicle records indicate that Kot purchased a

4    2003 Cadillac in November, 2007, for $22,962.57, but it was subsequently sold in March, 2008. DMV

5    records could not be located showing Kot's ownership of a 2005 Cadillac, but because of the payment

6    and notation on the 1/17/2006 check, it appears that Kot paid the balance on a 2005 Cadillac. One of the

7    checks was written to Land Rover of Las Vegas on 3/7/2006, but it was apparently for the lease of a

8    vehicle. The other one of the three checks was written to Bank of America, with the notation of "2005

9    Jaguar", dated 7/15/2005, in the amount of $35,000. DMV records indicate that Linda-Marie Kot and

10   Daniel Kot purchased a 2005 Jaguar, Vehicle Identification Number (VIN) SAJWA01U75HN23406, on

11   7/25/2005, for $37,712.50. DMV records indicate that Linda Marie Kot was the registered owner of this

12   vehicle, but the registration has since expired and the license plate has been surrendered by her.

13       Regarding the 2004 Jaguar 4 door, S-type, VIN SAJEA01U24HN09214, (NV) 046 SZX,

14   registered to Daniel J. Kot or Linda Marie Kot, purchased by them on February 27, 2008 for 23,995. The

15   lien holder is listed as Jaguar Credit. Although the Nevada DMV shows both Linda Marie and Daniel J.

16   Kot as the registered owners and title holders, there is a notation that this license plate has been released

17   and the registration status has been suspended. The current value of this vehicle is approximately $7,000,

18   however, there is a loan on the vehicle with a current amount of approximately $4,800.

19       Regarding Kot's three banks accounts at Bank of America, the combined balance of these three

20   accounts is currently less than $4,200.

21       Regarding Kot's seven bank accounts at Wells Fargo Bank, the combined balance of these seven

22   accounts is currently less than $650.

23       Regarding Kot's two IRAs, both with Merrill Lynch, the combined value is approximately

24   $26,000.

25   . . .

26   . . .

1    Regarding the real property located at 9025 Rockville Avenue, Las Vegas, NV.  Kot and her then

2    husband, Daniel Kot, purchased this home in March, 2002, for $386,090.  A mortgage in the amount of

3    $366,750 was taken at that time.  A series of lines of credit have been taken on this property since its

4    purchase by the Kots.  On January 6, 2006, Daniel and Linda Marie Kot transferred the property to The

5    Daniel Joseph and Linda Marie Kot Living Trust.  On June 16, 2011, the property was transferred out of

6    their trust, and into the name of Linda Marie Kot, pursuant to their divorce decree.  In November, 2010,

7    Kot filed for Chapter 7 Bankruptcy, but subsequently withdrew from bankruptcy when she was able to

8    modify her mortgage.  In the bankruptcy documents Kot declared that she was able to accumulate

9    approximately $50,000 to bring the loan up to date.  The current loans on the property total

10   approximately $500,000.  Due to the current value of the home and the amount of the mortgage, the U.S.

11   Marshal's Service has determined that this property does not have enough value to be considered for

12   seizure.  Although this property had significant value at one time during Kot's ownership, due to the

13   loans taken against the house and the overall housing market in the Las Vegas area, this asset has been

14   substantially diminished in value.

15   Regarding the real property located at 7801 Falconwing Avenue, Las Vegas, Nevada, Kot

16   purchased the property for a purchase price of $310,000 on May 10, 2004.  Kot took a deed of trust

17   (mortgage) on this property at the time of purchase, in the amount of $248,000.  In November, 2004, Kot

18   took two other deeds of trust in the combined amount of $324,000, on this property, and the first deed of

19   trust was paid off.  In November, 2005, this property was sold to a third party for $389,000.

20   Regarding the real property located at 6158 Highland Gardens Drive, North Las Vegas, Nevada,

21   Kot purchased the property for a purchase price of $254,000 on June 1, 2004.  Kot took two deeds of

22   trust on this property at the time of purchase in the combined amount of $241,200.  On April 10, 2009,

23   this property was sold in a Trustee Sale, for $123,250, and was subsequently sold to a third party for

24   $110,000.

25   Regarding the real property located at 7817 Falconwing Avenue, Las Vegas, Nevada, Daniel J.

26   Kot and Linda-Marie Kot purchased the property for a purchase price of $340,000 on July 1, 2004.  The

12

1   Kots took two deeds of trust on this property at the time of purchase in the combined amount of

2   $323,000.  On June 15, 2009, this property was sold in a Trustee Sale, for $174,000, and was

3   subsequently sold to a third party for $160,000.

4        Regarding the real property located at 7608 Certitude Avenue, Las Vegas, Nevada, Daniel J. Kot

5   and Linda-Marie Kot purchased the property for a purchase price of $315,000 on July 13, 2004.  The

6   Kots took two deeds of trust on this property at the time of purchase in the combined amount of

7   $299,250.  On March 14, 2007, this property was sold by the Kots to a third party for $366,000.

8   Regarding the real property located at 6167 Villa De Picasso Drive, Las Vegas, Nevada, Kot purchased

9   the property for a purchase price of $576,990.  Kot took two deeds of trust on this property at the time of

10   the purchase in the combined amount of $576,990.  Kot sold this property on April 28, 2006, for

11   $712,000.

12        Regarding the real property located at 9309 Grand Gate Street, Las Vegas, Nevada, Kot

13   purchased the property from co-conspirator Michael Capodice for a purchase price of $865,000.  Kot

14   took two deeds of trust on this property at the time of the purchase in the combined amount of $865,000.

15   On February 18, 2009, this property was sold in a Trustee Sale, for $374,000, and was subsequently sold

16   to a third party for $345,000.

17        Regarding the real property located at 9424 Wakeshan Avenue, Las Vegas, Nevada, Kot

18   purchased the property for a purchase price of $517,990.  Kot took two deeds of trust on this property at

19   the time of purchase in the combined amount of $492,000.  Kot sold this property on June 23, 2006 for

20   $620,000.

21        Regarding the real property located at 68 E. Serene Avenue, #406, Las Vegas Nevada, Daniel Kot

22   and Joe Sharpe purchased the property for a purchase price of $304,200.  Daniel Kot and Joe Sharpe took

23   two deeds of trust on this property at the time of purchase in the combined amount of $387,000.  On June

24   7, 2010, this property was sold in a Trustee Sale, for $107,500.  Linda Marie Kot was not an owner of

25   this property.

26   . . .

Regarding the real property located at 2700 Las Vegas Boulevard South, #902, Las Vegas, Nevada, Daniel J. Kot purchased the property for a purchase price of $955,500. Daniel Kot took two deeds of trust on this property at the time of purchase in the combined amount of $907,250. On August 14, 2007, Daniel Kot transferred the title of this property to Daniel J. Kot and Linda Marie Kot. On June 16, 2011, the property was transferred back into the name of Daniel J. Kot, as Linda Marie Kot was removed from the title. Daniel J. Kot is the current owner of this property.

Other than the assets mentioned above, Kot's illegal proceeds have not been located, were transferred or sold to, or deposited with, a third party, or have been substantially diminished in value. Thus, the United States has met its burden by showing that at least three of the five conditions under section 853(p) are satisfied in this case.

The United States requests this Court to authorize the Federal Bureau of Investigation (1) to seize the properties from Merrill Lynch, Bank of America, and Wells Fargo Bank; (2)(a) to immediately print the appropriate information that shows all the assets that are in Kot's financial accounts; (b) to liquidate the properties that are not cash into cash; (c) to require the financial institutions to issue cashier's checks for the funds, made payable to the United States Marshals Service; (d) to immediately turn over the cashier's checks to the Federal Bureau of Investigation; and (3) to grant the order to substitute and forfeit the properties to the United States.

## III. CONCLUSION

Based on the foregoing, the Court should allow the United States (1) to seize the properties; (2)(a) to immediately print the appropriate information that shows all the assets that are in Kot's financial accounts; (b) to liquidate the properties that are not cash into cash; (c) to require the financial institutions to issue cashier's checks for the funds, made payable to the United States Marshals Service; (d) to

. . .

. . .

. . .

. . .

14

1    immediately turn over the cashier's checks to the Federal Bureau of Investigation; and (3) to substitute

2    and forfeit the substitute properties to the United States.

3            DATED this 18th day of June, 2013.

4                                                       Respectfully submitted,

5                                                       DANIEL G. BOGDEN
6                                                       United States Attorney

7

8                                                       DANIEL D. HOLLINGSWORTH
                                                        Assistant United States Attorney

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                                  15

# EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# EXHIBIT 1

AFFIDAVIT OF SPECIAL AGENT EARL JAMES MCEWEN, III

I, Earl James McEwen, III, Special Agent of the Federal Bureau of Investigation, deposes and states:

I am a Special Agent with the Federal Bureau of Investigation, and have been so employed since March, 2009. I graduated from the FBI Academy in Quantico, Virginia, and am currently assigned to the Las Vegas Division where I have investigated white collar crimes for over three years. I have investigated financial crimes including bank fraud, mortgage fraud, Ponzi schemes, advanced fee schemes, and other schemes, all of which require preparation of reports, conducting interviews with victims, witnesses and suspects, conducting surveillance gathering and identifying evidence, obtaining and analyzing financial records, conducting criminal and financial history checks, liaison with other FBI Special Agents and other law enforcement officers, and court presentation and testimony. The information provided herein is the result of my investigation and review by others, including Contract Forfeiture Investigator Richard L. Beasley, who is assigned to the Las Vegas Division of the FBI to focus on asset seizure and forfeiture matters. To the extent that any information in this declaration is not within my personal knowledge, it was made known to me through reliable law enforcement sources, and I believe it to be true.

This declaration supports a motion to substitute and forfeit assets of Linda Marie Kot ("Kot").

On April 11, 2012, Linda Marie Kot was charged in a Four-Count Superseding Criminal Indictment charging her in Count One with violations of 18 U.S.C. §§ 1341, 1343, 1344, and 1349 (Conspiracy to Commit Wire Fraud, Mail Fraud, and Bank Fraud); and in Counts Two through Four with violations of 18 U.S.C. § 1344 (Bank Fraud) and 18 U.S.C. § 2 (Aiding and Abetting). The Superseding Criminal Indictment included six Forfeiture Allegations alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A); and 21 U.S.C. § 853(p).

Kot was a Nevada licensed real estate agent, and participated in a scheme with Hugo Patrick Coutelin, Michael Perry, and Jeff Thomas, who were part of CPT Real Estate Investments (CPT). Coutelin was the Secretary of CPT and a recruiter of straw buyers, Perry was the Director of CPT and acted as a straw buyer, and Thomas was the President and Registered Agent of CPT and acted as a straw buyer. Funds from CPT would be used as part of the process of buying the houses. The co-conspirators and others would act as straw buyers on properties. Kot would make earnest money deposits from her personal funds to reserve some of these houses. Kot and others

caused false information to be included on straw buyers' loan applications regarding borrowers' place of employment, income, assets, and intent to occupy the properties so that straw buyers would qualify for loans for which they would not otherwise qualify. Kot knew that false information was included on straw buyers' loan applications and also knew that material facts were concealed from the lender. Kot received commissions on the purchase of the properties. Charged in the indictment were transactions on nine different homes during the period of May 25, 2005, through December 11, 2006. However, transactions on numerous other properties were presented in trial to establish Kot's guilt.

On May 25, 2012, Linda Marie Kot was convicted by a jury of one count of 18 U.S.C. §§ 1341, 1343, 1344 and 1349, three counts of 18 U.S.C. § 1344. Prior to Kot's trial, all of the other co-defendants entered plea agreements with the government.

On July 24, 2012, an Order of Forfeiture was entered finding that Linda Marie Kot shall pay a criminal forfeiture money judgment of $3,892,811.00. On December 19, 2012, Kot was sentenced to 70 months in prison , followed by five years of supervised release, restitution in the amount of $3,891,811.00, and the final order of forfeiture in the amount of $3,891,811.00.

During the course of the criminal investigation, a financial analysis was conducted of Kot. A review of the bank records obtained during the investigative portion of the investigation revealed that the following funds obtained during the period of Kot's criminal activity have been transferred to or deposited with a third party: Between April, 2005, and December, 2006, there were approximately 32 withdrawals to include checks and transfers out of Kot's personal and business accounts to individuals indicted with Kot in the first indictment, or to their businesses or relatives, in the amount of approximately $717,000; Between 11/1/2006 and 8/12/2009, at least five checks totaling approximately $48,176.83 were written to third parties which appear to be law firms; On 12/29/2006, at least two checks were written totaling $20,000 to Kot's two children, Michael D. Kot and Noel Marie Kot, with the notation of "Gift"; Between 7/15/2005 and 3/7/2006, at least three checks were written to various car dealerships and a bank with a notation the funds were being used to purchase or lease vehicles, totaling approximately $51,600; Checks were written to the United States Treasury on 3/31/2006 and 3/29/2007, totaling $256,978; At least one check was written to UBS Financial Services on 10/23/2006 in the amount of $150,000. The follow-up investigation on the vehicles and the UBS Financial Services transfer is detailed in later

paragraphs. The financial analysis conducted during the criminal investigation and the review of the financial analysis shows that law enforcement exercised due diligence to locate the illegal proceeds, and were unable to locate any of the illegal proceeds, as Kot transferred or deposited many of the illegal proceeds with third parties.

Follow-up investigation on the checks written to the car dealerships and a bank revealed that one check payable to Pat Clark Pontiac dated 1/17/2006 in the amount of $12,600 had the notation of "Bal. 2005 Cadillac". Current Nevada Department of Motor Vehicle records indicate that Kot purchased a 2003 Cadillac in November, 2007, for $22,962.57, but it was subsequently sold in March, 2008.  DMV records could not be located showing Kot's ownership of a 2005 Cadillac, but because of the payment and notation on the 1/17/2006 check, it appears that Kot paid the balance on a 2005 Cadillac.  One of the checks was written to Land Rover of Las Vegas on 3/7/2006, but it was apparently for the lease of a vehicle.  The other one of the three checks was written to Bank of America, with the notation of "2005 Jaguar", dated 7/15/2005, in the amount of $35,000.  DMV records indicate that Linda-Marie Kot and Daniel Kot purchased a 2005 Jaguar, Vehicle Identification Number (VIN) SAJWAO1U75HN23406, on 7/25/2005, for $37,712.50.  DMV records indicate that Linda Marie Kot was the registered owner of this vehicle, but the registration has since expired and the license plate has been surrendered by her.  Kot appears to own a 2004 Jaguar, VIN SAJEAO1U24HN09214.  The current value of this vehicle is approximately $7,000, however, there is a loan on the vehicle with a current amount of approximately $4,800.

Follow-up investigation on the $150,000 check written to UBS Financial Services revealed that all of Kot's UBS accounts were closed on 3/1/2011. Just prior to their closure, approximately $7,000 was transferred to a Merrill Lynch account, and approximately $33,000 was transferred to a Wells Fargo Bank account.  Kot currently has two Individual Retirement Accounts (IRAs) open with Merrill Lynch, with a combined value of approximately $26,000.  Kot currently has three accounts open at Bank of America, with a combined balance of approximately $4,200.  Kot currently has approximately seven accounts open at Wells Fargo Bank, with a combined balance of approximately $650.00.

In an effort to identify and locate assets in the name of Linda Marie Kot, numerous databases and records checks were conducted.  These checks included queries of Accurint (a database of public records which included records of bankruptcies, liens and judgments, UCC filings, driver's license information, motor vehicle registrations, real properties and addresses), the Nevada Department of Motor Vehicles (DMV), the Clark County Assessor and

Recorder's Offices, and the U.S. Bankruptcy Court.  Based upon these checks, Linda Marie Kot appears to have an interest in the following assets:

2004 Jaguar 4 door, S-type, VIN SAJEA01U24HN09214, (NV) 046 SZX, registered to Daniel J. Kot or Linda Marie Kot, purchased by them on 2/27/2008 for $23,995.  The lien holder is listed as Jaguar Credit.  Although the Nevada DMV shows both Linda Marie and Daniel J. Kot as the registered owners and title holders, there is a notation that this license plate has been released and the registration status has been suspended;

Three bank accounts at Bank of America, current combined balance of approximately $4,200;

Seven bank accounts at Wells Fargo Bank, current combined balance of approximately $650;

Two Individual Retirement Accounts (IRAs), both with Merrill Lynch, with a combined balance of approximately $26,000;

Kot has an interest in the residence located at 9025 Rockville Avenue, Las Vegas, NV.  Kot and her then husband, Daniel Kot, purchased this home in March, 2002, for $386,090.00.  A mortgage in the amount of $366,750 was taken at that time.  A series of lines of credit have been taken on this property since its purchase by the Kots.  On January 6, 2006, Daniel and LindaMarie Kot transferred the property to The Daniel Joseph and LindaMarie Kot Living Trust.  On June 16, 2011, the property was transferred out of their trust, and into the name of LindaMarie Kot, pursuant to their divorce decree.  In November, 2010, Kot filed for Chapter 7 Bankrupcy, but subsequently withdrew from bankruptcy when she was able to modify her mortgage.  In the bankruptcy documents Kot declared that she was able to accumulate approximately $50,000 to bring the loan up to date.  The current loans on the property total approximately $500,000.  Due to the current value of the home and the amount of the mortgage, the U.S. Marshals Service has determined that this property does not have enough value to be considered for seizure.  Although this property had significant value at one time during Kot's ownership, due to the loans taken against the house and the overall housing market in the Las Vegas area, this asset has been substantially diminished in value.

The following assets purchased by Kot and/or her husband have been sold or transferred to a third party:

On May 10, 2004, Kot purchased the property located at 7801 Falconwing Avenue, Las Vegas, Nevada, for a purchase price of $310,000.  Kot took a deed of trust (mortgage) on this property at the time of purchase, in the amount of $248,000.  In November, 2004, Kot took two other deeds of trust in the combined amount of $324,000, on this property, and the first deed of trust was paid off.  In November, 2005, this property was sold to a third party for $389,000.

On June 1, 2004, Kot purchased the property located at 6158 Highland Gardens Drive, North Las Vegas, Nevada, for a purchase price of $254,000.  Kot took two deeds of trust on this property at the time of purchase in the combined amount of $241,200.  On April 10, 2009, this property was sold in a Trustee Sale, for $123,250, and was subsequently sold to a third party for $110,000.

On July 1, 2004, Daniel J. Kot and Linda-Marie Kot purchased the property located at 7817 Falconwing Avenue, Las Vegas, Nevada, for a purchase price of $340,000.  The Kots took two deeds of trust on this property at the time of purchase in the combined amount of $323,000.  On June 15, 2009, this property was sold in a Trustee Sale, for $174,000, and was subsequently sold to a third party for $160,000.

On July 13, 2004, Daniel J. Kot and Linda-Marie Kot purchased the property located at 7608 Certitude Avenue, Las Vegas, Nevada, for a purchase price of $315,000.  The Kots took two deeds of trust on this property at the time of purchase in the combined amount of $299,250.  On March 14, 2007, this property was sold by the Kots to a third party for $366,000.

On November 30, 2005, Kot purchased the property located at 6167 Villa De Picasso Drive, Las Vegas, Nevada, for a purchase price of $576,990.  Kot took two deeds of trust on this property at the time of purchase in the combined amount of $576,990.  Kot sold this property on April 28, 2006, for $712,000.

On January 1, 2006, Kot purchased from co-conspirator Michael Capodice, the property located at 9309 Grand Gate Street, Las Vegas, Nevada, for a purchase price of $865,000.  Kot took two deeds of trust on this property at the time of the purchase in the combined amount of $865,000.  On February 18, 2009, this property was sold in a Trustee Sale, for $374,000, and was subsequently sold to a third party for $345,000.

On May 31, 2006, Kot purchased the property located at 9424 Wakeshan Avenue, Las Vegas, Nevada, for a purchase price of $517,990.  Kot took two deeds of trust on this property at the time of purchase in the combined amount of $492,000.  Kot sold this property on June 23, 2006, for $620,000.

On October 23, 2006, Daniel Kot and Joe Sharpe, purchased the property located at 68 E. Serene Avenue, #406, Las Vegas, Nevada, for a purchase price of $304,200.  Daniel Kot and Joe Sharpe took two deeds of trust on this property at the time of purchase in the combined amount of $387,000.  On June 7, 2010, this property was sold in a Trustee Sale, for $107,500.  Linda Marie Kot was not an owner of this property.

On June 5, 2007, Daniel J. Kot purchased the property located at 2700 Las Vegas Boulevard South, #902, Las Vegas, Nevada, for a purchase price of $955,500.  Daniel Kot took two deeds of trust on this property at the time of purchase in the combined amount of $907,250.  On August 14, 2007, Daniel Kot transferred the title of this property to Daniel J. Kot and Linda Marie Kot.  On June 16, 2011, the property was transferred back into the name of Daniel J. Kot, as Linda Marie Kot was removed from the title.  Daniel J. Kot is the current owner of this property.

Based upon the foregoing, the following property should be substituted and forfeited to the United States:

Two Individual Retirement Accounts (IRAs), both with Merrill Lynch, with a combined balance of approximately $26,000.

Three Bank of America accounts with a combined balance of approximately $4,200.

Seven Wells Fargo Bank accounts with a combined balance of approximately $650.

I declare under penalty of perjury that the foregoing is true and correct pursuant to Title 28, United States Code, Section 1746 (2).

Executed on: _6/19/2013_

Earl James McEwen, III
Special Agent, Federal Bureau of Investigation

# EXHIBIT 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# EXHIBIT 2

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | 2:10-CR-280-KJD-(GWF) |
| LINDA MARIE KOT, | ) | |
| Defendant. | ) | |

SUBSTITUTION AND FORFEITURE ORDER

This Court, having read and considered the United States of America's Sealed Ex Parte Motion to Substitute and to Forfeit Property of Linda Marie Kot and the Sealed Ex Parte Motion to File the Motion And the Motion to Substitute and to Forfeit Property of Linda Marie Kot and Order, and good cause appearing, finds the assets described below are owned by Linda Marie Kot.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the following is substituted and is forfeited to the United States of America pursuant to 21 U.S.C. § 853(p):

1. Any and all assets contained in any and all individual retirement accounts (IRAs) held by Merrill Lynch in the name of Linda Marie Kot, social security account number ████9960, date of birth ████ 1953, with a combined balance of approximately $26,000;

2. The funds contained in any and all bank accounts held by Bank of America in the name of Linda Marie Kot, social security account number ████9960, date of birth ████ 1953, with a combined balance of approximately $4,200; and

. . .

3.  The funds contained in any and all bank accounts held by Wells Fargo Bank in the name of Linda Marie Kot, social security account number ███████9960, date of birth ███████ 1953, with a combined balance of approximately $650 ("properties").

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States of America is now entitled to, and should, reduce the aforementioned properties to the possession of the United States of America;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States of America shall seize the aforementioned properties from Merrill Lynch, Bank of America, and Wells Fargo Bank;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Merrill Lynch, Bank of America, and Wells Fargo Bank (1) shall immediately print the appropriate information that shows all the assets that are in Kot's financial accounts; (2) shall liquidate the properties that are not cash into cash; (3) shall issue cashier's checks for the funds, made payable to the United States Marshals Service; (4) and shall immediately turn over the cashier's checks to the Federal Bureau of Investigation;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all right, title, and interest of Linda Marie Kot in the aforementioned properties is forfeited and is vested in the United States of America and shall be safely held by the United States of America until further order of this Court;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States of America will serve Linda Marie Kot with this order and the two motions after the properties have been seized by the FBI;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any

2

1  additional facts supporting the petitioner's claim and the relief sought.  A copy of the petition shall be

2  served upon the undersigned counsel at the following address at the time of filing:

3         Daniel Hollingsworth
        Assistant United States Attorney
4         Lloyd D. George United States Courthouse
        333 Las Vegas Boulevard South, Suite 5000
5         Las Vegas, Nevada 89101.

6         DATED this 3rd day of June, 2013.

7

8

9                                                UNITED STATES DISTRICT COURT

10

11

12

13  I hereby attest and certify on   7/3/13
   that the foregoing document is a full, true
14  and correct copy of the original on file in my
   legal custody.

15     CLERK, U.S. DISTRICT COURT
          DISTRICT OF NEVADA
16
   By  Denise Saavedra  Deputy Clerk
17

18

19

20

21

22

23

24

25

26

                                    3